▤ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
MADISON COUNTY, GEORGIA
**20MV00300**
M - JEFFERY S MALCOM
JUL 15, 2020 12:53 PM

Katie Cross, Clerk
Madison County, Georgia

IN THE SUPERIOR COURT OF MADISON COUNTY

STATE OF GEORGIA

| | |
|---|---|
| LINDA SUZETTE BALES, | * |
| Plaintiff, | * |
| v. | * Civil Action No.: |
| | * |
| DOLLAR GENERAL CORP- | * |
| ORATION, | * |
| Defendant. | * |

## COMPLAINT IN NEGLIGENCE AND OTHER TORTS

COMES NOW, LINDA SUZETTE BALES, PLAINTIFF IN THE ABOVE-CAPTIONED ACTION, and through her Attorney, Laurence F. Davidson, shows the defendant and the Honorable Court the following:

### CLAIMS AND DAMAGES

1.

Plaintiff, Linda Suzette Bales is a resident of the State of Georgia and has been residing in this County for at least the last 6 months prior to the filing of this Action. Plaintiff is over the age of 18 and is of sound mind. She also avers that she is not a member of any branch of the U.S. Military nor possesses any impediment in the filing of or in the maintenance of this action. Lastly, she avers that she is not related to, nor has had any form of romantic or business relation with anyone from the defendant or from the defendant's location in issue.

2.

The defendant is a foreign corporation duly registered to do business in the State of Georgia. Its' main headquarters is 100 Mission Ridge, Goodletsville, TN 37072. Its' Registered Agent authorized to accept service on its behalf is Corporation Service Company, 192 Anderson St., Suite 125, Marietta, Ga. 30060.

3.

Upon information and belief, the defendant owns and operates "general merchandise" stores in several states, including Georgia. These stores carry a variety of consumer items ranging from diapers to vitamins, seasonal items, hardware and candy, in addition to thousands of other items.

4.

The defendant operates one such store located on Highway 106, 35 Hanley Road, City of Hull, County of Madison, State of Georgia, zip code 30646.

5.

On September 14, 2019, the Plaintiff was an invitee shopping at the defendant's store located at the above-stated address.

6.

Upon information and belief, the store was set to close at 2200 hours (10:00 P.M.) that evening.

7.

The Plaintiff had arrived in time to complete her shopping and was to the best of her knowledge the only person in the store except for the defendant's employee, Gregory Meadow who was working the checkout.

8.

Upon approaching the checkout counter and Mr. Meadow, the Plaintiff was suddenly, viciously, violently and intentionally sexually assaulted by Mr. Meadow.

9.

His attack was unwelcome, uninvited and unprovoked. Defendant's employee lunged over the counter at the Plaintiff, grabbed her by her shoulders and proceeded to thrust his face down inside the open shirt in order to get to her breasts.

10.

The Plaintiff was held in such a way by Mr. Meadow that she could not escape his grip during the attack thus holding her prisoner against her will.

11.

The attack was so sudden that the Plaintiff did not have the chance or opportunity to scream for help or to use her phone for police assistance until much later.

12.

The attack left the Plaintiff in a state of permanent terror, shock and fear, causing her to suffer the following:

a) Insomnia,
b) General Anxiety,
c) Social Anxiety,
d) Distrust and fear of men,
e) Heart and breathing issues,
f) Panic attacks,
g) Will not use a male cashier when shopping,
h) And other various behavioral abnormalities not fully realized, but evident. (I.E., presence of law enforcement officers in or near the store she wants to shop in is important to her; the accessibility of emergency exits is important; the ratio of men to women shopping if she is out shopping,
i) Nightmares,
j) Fear of similarly looking males,
k) Fear of shopping alone at night.
l) Fear that her assailant will not be criminally punished for his sexual battery.

m) Fear that Dollar General Corporation will not punish the assailant by firing him for committing such a heinous deviant assault on the Plaintiff and that they will ratify it's employee's act in full.

13.

Mr. Meadow was arrested by the Madison County Sheriff's Office and initially charged with Assault/Battery and other Offenses pursuant to OCGA Section 16-5-23.

14.

Upon information and belief, the Madison County District Attorney is in the process of increasing the charge to Sexual Assault.

15.

Despite Mr. Meadow's arrest and obvious threat to the Plaintiff and other females, his employment was not terminated. They have thus shown to be callous, cold, uncaring, disinterested, disengaged and unwilling to deal with the matter in any way or to even acknowledge its occurrence or that the Plaintiff was a victim of a violent, twisted, disturbing sexual assault by one of its employees.

16.

Defendant was negligent in its hiring of their employee, Gregory Meadow.

17.

Defendant was negligent in its training and supervision of their employee, Gregory Meadow.

18.

By failing to terminate Mr. Meadow after his arrest, defendant ratified his tort and is therefore liable to Plaintiff for all damages set forth above and within through the equitable theory known as imputed liability and respondeat superior.

19.

Defendant is liable to Plaintiff for damages caused by negligent infliction of emotional distress.

20.

Defendant is liable to Plaintiff for intentional trespass upon the Plaintiff's body by its employee, Gregory Meadow.

21.

As a direct and proximate result of the defendant's negligent and reckless actions and/or negligent and reckless omissions to act, Plaintiff has suffered a multitude of mental, psychological and emotional injuries, some of which may improve and others which may remain at a constant level with her for the remainder of her life requiring treatment and medication in perpetuity until such time as the conditions improve no longer requiring treatment or medication, or when the Plaintiff dies, whichever occurs first.

22.

The Plaintiff is petrified at times to talk to strange men she does not know well and is terrified at the thought of walking into another Dollar General store due to the fact that it causes terrifying flashbacks of the attack. Consequently, the attack has forever changed the way she views her personal safety shopping in stores with similar floor plans as the Dollar General location at issue in this action.

23.

Prior to the attack, Plaintiff never suffered from any form of phobia or psychosis, and was capable of functioning in society uninhibited without any issues regarding her personal safety while shopping, running errands, etc. This changed to her detriment on September 14, 2019 due to the defendant's intentional and/or negligent, reckless and careless hiring, training and supervision of its employee, Gregory Meadow.

24.

Defendant failed to alert, warn, or give notice to the Plaintiff that its employee, Gregory Meadow had or could have a propensity for committing sexual assaults on women and failed to take reasonable and prudent steps to safeguard the health and safety and wellbeing of the Plaintiff.

25.

By failing to give proper notice to the Plaintiff of its employee's propensity or possible likelihood of such an attack occurring, Plaintiff was intentionally, purposely and knowingly prevented from taking steps to safeguard her safety and well being prior to engaging the employee, leaving her open and vulnerable to the ensuing and imminent assault.

26.

By failing to warn, alert and/or notice the Plaintiff to give her an opportunity to prepare, protect and even evade the attack, defendant was negligent, reckless, wanton and careless by creating a trap which was known or should have been known to the defendant and which was unknown to the Plaintiff.

27.

Defendant was reckless, negligent, wanton, and careless in the it did not build, construct, design, install or erect any kind of method, gate, removable barrier, or other mechanism the Plaintiff could have quickly removed, moved, utilized or used for defensive purposes, help her to break his grip, initiate an escape or to prevent the employee from being able to make physical contact with her person. She was locked into the checkout lane by the nature of the physical design and construction of the checkout lane.

28.

During the assault, Plaintiff feared for her life and was anticipating being sexually molested, including, but not limited to being raped, sodomized or killed.

29.

Defendant is liable to the plaintiff for an illegal touching and illegal holding.

30.

Dollar General, as a corporation, had a clear and obvious duty to the safeguard of the Plaintiff.

31.

Defendant is liable to Plaintiff for invasion of privacy. Defendant was not welcome, invited or offered permission to make contact with the Plaintiff in the manner not under dispute. Plaintiff was made to feel shame, embarrassment, and other disagreeable emotions all stemming from and directly caused by the defendant's employee indecent assault.

32.

Defendant's employee committed an illegal touching, regardless whether his original intent was satisfied. This illegal touching is equivalent to a personal right and therefore constitutes a physical injury.

33.

Defendant breached both its' actual and implied contract with the Plaintiff to provide a safe environment within to shop. To the best of the Plaintiff's memory and belief, there were no signs, warnings, placards or the like conspicuously placed anywhere in the store advising invitees to "shop at their own peril," or any such warning in that vein anywhere that evening.

33.

As a direct and proximate result of all of the above and forgiving, Plaintiff has been forced to change many, if not her entire life style, including, but not limited to 1) shopping, 2) eating, 3) social interactions, 4) less money to spend on an already non-existent budget, 5) living/house sharing accommodations, 6) payment of rent (waived temporarily).

34

The Plaintiff has never been formally banned from the subject store or from the handful of Dollar General Stores still operating in the State of Georgia. Plaintiff enjoyed discounts on a variety of items the defendant carried, but cannot push herself into any DOLLAR GENERAL, regardless if she's alone or with a companion. She would rather purchase the same or similar items somewhere else although the price would be higher than at Dollar General.

35.

Plaintiff has been under the impression that a motor vehicle has been tailing her since the incident occurred. She has been forced to take evasive action to break away from the tail, such as driving in different directions, stopping in weird places, doubling-back on the same route to see if she was tailed. Upon information and belief, Plaintiff has successfully eluded her tail over a dozen times. She feels her actions are legitimate and will continue taking these actions until no longer needed.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS

a) That the Court read and consider each and every claim asserted by the Plaintiff and that damages for each be awarded against the defendant in favor of Plaintiff for the maximum judgment permitted by law,
b) That the defendant be made to respond fully to each of Plaintiff's claims,
c) That the Court award Plaintiff reimbursement of all reasonable attorney's fees, court costs, and costs of prosecution, including, but not limited to expert witnesses, such as psychologists, psychiatrists, rape counselors, sexual crime experts, etc.,
d) That the Court award the Plaintiff the amount of no less than three million dollars in punitive damages due to the defendant's lack of remorse, support for it's employee performing the illegal and socially intolerable and reprehensible act, and for its lack of concern for the medical and physical wellbeing of the victimized Plaintiff ,
e) That process issue as a matter of law, and
f) That the Court grant Plaintiff any and all such other and further relief as it deems just, proper, appropriate and equitable due to the horrific and reprehensible circumstances.

Date: This 24th day of June, 2020.

Respectfully submitted

*[signature]*

Laurence F. Davidson

Ga. Bar # 206950

Attorney for Plaintiff

Davidson & Affiliates, Esqs.

PO Box 407

Hull, Ga. 30646

(706) 549-6689

ldavidsonesq@msn.com

IN THE SUPERIOR COURT OF MADISON COUNTY

STATE OF GEORGIA

| | |
|---|---|
| LINDA SUZETTE BALES, | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: |
| v. | ) |
| | ) |
| DOLLAR GENERAL CORPOR-ATION, | ) |
| | ) |
| Defendant. | ) |

VERIFICATION

COMES NOW, LINDA SUZETTE BALES, Plaintiff in the above-captioned action personally appearing before the undersigned officer duly authorized to administer oaths, and after being duly sworn, deposes and states that: the facts, statements and claims contained in the attached document, upon information and belief, are true and correct.

This 8th day of July, 2020.

_Linda Suzette Bales_
Linda Suzette Bales, Plaintiff

Sworn to and subscribed by me

This 8th day of July, 2020.

_Rach Vaughn_  09/05/2023
Notary Public/ Expiration Date

[Notary Seal: RACHEL VAUGHAN, NOTARY PUBLIC, OCONEE COUNTY, GA, Exp. Sept. 5, 2023]

# MADISON COUNTY SHERIFF'S OFFICE INCIDENT REPORT

**AGENCY ID:** GA0970000

PUBLIC COPY
ORIGINAL REPORT

**CASE NUMBER:** 190901

| Statute | Incident Type | CNT | GOC UCR Code | UCR Description |
|---|---|---|---|---|
| 16-5-23 | SIMPLE BATTERY -/MISD/- | 1 | A 1399 | ASSAULT/BATTERY:OTHER OFFENSE |

## EVENT

**LOCATION DESCRIPTION AND ADDRESS:** DOLLAR GENERAL HWY 106 / 35 HANLEY ROAD / HULL, GA 30646

**ZONE:**

**PREMISE TYPE:** [X] CONVENIENCE STORE

**INCIDENT DATE:** 09/14/2019  **TIME:** 2157  **TO DATE:** 09/15/2019  **TIME:** 1551

**STRANGER TO STRANGER:** NO [X]

**DISCOVERED BY:** [X] Complainant

**DAY OF THE WEEK (INCIDENT):** SAT [X]

**WEATHER CONDITIONS:** CLEAR

**WEAPON TYPE:** [X] HANDS/FISTS, ETC.

## PROPERTY TOTALS

(blank)

## DRUG

**DID INVESTIGATION INDICATE THAT THIS INCIDENT WAS DRUG-RELATED?** NO [X]

**DID INVESTIGATION INDICATE THAT INCIDENT WAS GANG RELATED?** NO [X]

## STATE

**PERSON:** [X]

**CASE STATUS:** EX CLEARED [X] (3)

## ADMINISTRATION

**ARREST AT OR NEAR OFFENSE SCENE:** (blank)

**EVIDENCE COLLECTED?** N
**PRINTS TAKEN?** N
**BIO./DNA EVIDENCE?** N
**PHOTOS TAKEN?** N
**COMPLAINT UNFOUNDED?** N
**WILLING TO PROSECUTE?** Y

**DATE OF REPORT:** 09/15/2019
**FOLLOW UP - PATROL?** Y
**FOLLOW UP - DETECTIVES:** Y

**ADULT:** [X]

**CLEARANCE DATE:** 09/15/2019
**CASE STATUS:** EXCEPT. CLEARED

**REPORTING OFFICER:** 7613 GABE DALTON
**APPROVING OFFICER:** 7604 GREG BRYSON
**APPROVED DATE:** 09/16/2019

**REVIEWED BY:** 7604 GREG BRYSON
**REVIEWED DATE:** 09/16/2019

# MADISON COUNTY SHERIFF'S OFFICE INCIDENT REPORT

**AGENCY ID:** GA0970000

## Person 1
- [X] COMPLAINANT  [X] VICTIM  [ ] WITNESS  [ ] OFFENDER  [ ] PRIMARY AGGRESSOR  [ ] JUVENILE  [ ] RAPE VICTIM  [ ] WARRANT
- **NAME:** ***VICTIM INFO. WITHHELD***
- **ADDRESS:** ***VICTIM INFO. WITHHELD***
- CITY / ST / ZIP:
- EMAIL:
- SSN / RACE / HEIGHT / HAIR / YEAR OF BIRTH / PHONE:
- DOB / AGE / SEX / WEIGHT / EYES / CELL:
- TYPE / EMP. / SCHOOL / WORK PHONE:
- [ ] MISSING  [ ] DEAD/UNIDENTIFIED  [ ] UNKNOWN  [ ] RETURNED  [ ] WANTED  [ ] SUSPECT
- OFF. DATE/TIME:
- ARREST DATE / ARREST TIME / ARR. AGENCY / ARREST / AT NEAR / OFFENDER TRACK NO. / ORI / GCIC CLASS. NO.:
- CHARGES / STATUTE / INCIDENT TYPE / CNT / UCR CODE / UCR DESCRIPTION:

## Person 2
- [ ] COMPLAINANT  [ ] VICTIM  [ ] WITNESS  [X] OFFENDER  [ ] PRIMARY AGGRESSOR  [ ] JUVENILE  [ ] RAPE VICTIM  [X] WARRANT  [ ] ARRESTED
- **NAME:** MEADOW, GREGORY
- **ADDRESS:** 2620 COLBERT DANIELSVILLE RD
- **CITY:** DANIELSVILLE  **ST:** GA  **ZIP:** 30633
- EMAIL:
- **RACE:** B  **HEIGHT:** 511  **HAIR:** BLK  **YEAR OF BIRTH:** 1959  **PHONE:** 706-788-2548
- **SEX:** M  **WEIGHT:** 189  **EYES:** BLU
- [ ] MISSING  [ ] DEAD/UNIDENTIFIED  [ ] UNKNOWN  [ ] RETURNED  [ ] WANTED  [ ] SUSPECT  WORK PHONE:
- OFF. DATE/TIME:
- ARREST DATE / ARREST TIME / ARR. AGENCY / ARREST / AT NEAR / OFFENDER TRACK NO. / ORI / GCIC CLASS. NO.:
- CHARGES / STATUTE / INCIDENT TYPE / CNT / UCR CODE / UCR DESCRIPTION:

## WEAPON PROFILE
- **Weapon Code:** 8
- **Description:** HANDS / FEET
- **Extended Description:**

PAGE 2 of 3

# MADISON COUNTY SHERIFF'S OFFICE INCIDENT REPORT

CASE NUM
19090

## NARRATIVE

Seq. No.

| Type | Reporting Officer | Statement Date | Time |
|---|---|---|---|
| RATIVE | 7613  GABE DALTON | 09/15/2019 | 2200 |

On the date 9/15/2019 Madison County law enforcement personnel responded to a call for service regarding Simple Battery that occurred at 35 Hanley Road.